IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| **JOHNATHAN RUSHER,** | ) |
| **Plaintiff,** | ) |
| v. | ) |
| **CREDIT ACCEPTANCE CORPORATION; EQUIFAX INFORMATION SERVICES, LLC; and TRANS UNION, LLC,** | ) CIVIL ACTION NO. 3:25-CV-344-GNS |
| **Defendants.** | ) |

## NOTICE OF REMOVAL

**COMES NOW** Defendant, Credit Acceptance Corporation ("Credit Acceptance"), by and through its undersigned counsel, pursuant to the provisions of 28 U.S.C. §§ 1331, 1441 and 1446, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, any and all defenses under the federal laws of bankruptcy and specifically preserving the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, and hereby gives notice of the removal of this action from the Jefferson County Circuit Court, Kentucky, to the United States District Court for the Western District of Kentucky, Louisville Division.

In support of this Notice of Removal, Credit Acceptance states as follows:

### I. INTRODUCTION

1. Plaintiff Johnathan Rusher ("Plaintiff") commenced this action against Credit Acceptance on or about May 12, 2025, in the Jefferson County Circuit Court, Kentucky, Case Number 25-CI-003730. [*See* Exhibit A – Complaint]. In his Complaint, Plaintiff also asserts claims

against Equifax Insurance Services, LLC ("Equifax") and Trans Union, LLC ("Trans Union") (collectively, with Credit Acceptance, the "Defendants"). [*Id.*].

2. Plaintiff advances numerous allegations regarding purportedly improper credit reporting of information related to a debt, and brings federal claims against all Defendants under the Fair Credit Reporting Act ("FCRA") as well as state-law claims against Credit Acceptance under "Kentucky's UCC laws." [*Id.*].

3. Although Credit Acceptance vigorously disputes the allegations and claims contained in Plaintiff's Complaint, those claims are nevertheless a proper foundation for federal jurisdiction under 28 U.S.C. § 1331, as they are based upon alleged violations of the FCRA. Moreover, this Court has supplemental jurisdiction over Plaintiff's state law claims, as they arise out of the same alleged reporting activity underpinning his FCRA claims. Accordingly, this action could have originally been brought in this Court and is now properly removed to this Court. 28 U.S.C. § 1441(a).

## II. FEDERAL QUESTION JURISDICTION

4. Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal jurisdiction based upon a federal question exists when a federal question is presented on the face of a plaintiff's complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

5. Here, Plaintiff asserts claims against all Defendants for alleged violations of the FCRA, a federal consumer protection statute. [*See* Exhibit A – Complaint; *see also* 15 U.S.C. § 1681 *et seq.*]. Plaintiff's FCRA claims thus arise under the laws of the United States and could have been originally filed in this Court. *See, e.g., Scott v. First S. Nat'l Bank*, 936 F.3d 509, 512 (6th Cir. 2019) ("First Southern removed the action to federal district court, properly invoking federal question jurisdiction for Plaintiffs' claims under the Fair Credit Reporting Act ('FCRA')

and supplemental jurisdiction over Plaintiffs' related state common law claims.") (internal citations omitted).

### III.     SUPPLEMENTAL JURISDICTION

6. The supplemental jurisdiction statute provides, in pertinent part, that:

[I]n any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . .

28 U.S.C. § 1367(a). Claims "form part of the same case or controversy" for purposes of 28 U.S.C. § 1367(a) when they "derive from a common nucleus of operative facts." *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 454-55 (6th Cir. 1996).

7. In the instant case, Plaintiff's state law claims against Credit Acceptance are based upon the same reporting activity that forms the basis for his FCRA claims and, accordingly, all arise out of a common nucleus of operative fact. [*See generally* Exhibit A – Complaint]. Plaintiff's state law claims are thus "so related to claims in the action within [this Court's] original jurisdiction" that they form part of the same case or controversy and, as such, fall squarely within this Court's supplemental jurisdiction. *See* 28 U.S.C. § 1367(a); *see also* 28 U.S.C. § 1441(c) ("[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein . . .").

8. Moreover, this Court should exercise supplemental jurisdiction over Plaintiff's state law claims in this action in order to advance the interest of justice and to avoid duplication and inefficiency. *See Carmicle v. BJI Holdings, LLC*, No. 3:14-CV-00286-H, 2014 WL 2781158, at *2 (W.D. Ky. June 19, 2014). Plaintiff's state law claims raise no novel or complex issue of

state law, do not predominate over Plaintiff's demand for relief under the FCRA, and arise from the same transaction or occurrence as his FCRA claims. 28 U.S.C. § 1367(c). It is therefore proper for this Court to exercise jurisdiction over all claims asserted in Plaintiff's Complaint.

## IV.   ADOPTION AND RESERVATION OF DEFENSES

9. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Credit Acceptance's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

## V.   PROCEDURAL REQUIREMENTS

10. In accordance with 28 U.S.C. § 1446(a), true and correct copies of all pleadings, as well as copies of all process and other papers on file in the record of the state court action, are attached hereto as Exhibit "A."

11. Service of the Summons and Complaint was accomplished upon Credit Acceptance on May 20, 2025. Accordingly, this Notice of Removal is timely filed within the timeframe specified by 28 U.S.C. § 1446(b).

12. Credit Acceptance has heretofore sought no similar relief.

13. This Notice of Removal is filed in the United States District Court for the Western District of Kentucky, Louisville Division, the federal district and division embracing the place where the state court case was filed, as required by 28 U.S.C. §§ 1332 and 1441(a).

14. Contemporaneously with the filing of this Notice of Removal, Credit Acceptance has filed a copy of the same with the Clerk of the Jefferson County Circuit Court, Kentucky, and

a Notice of Filing Notice of Removal, as required by 28 U.S.C. § 1446(d). Written notice of the filing of this Notice of Removal has also been served upon the Plaintiff.

15. Defendants Equifax and Trans Union have consented to the removal of this action by Credit Acceptance as required by 28 U.S.C. § 1446(b)(2)(A). True and correct copies of Equifax's and Trans Union's Consents to Removal are attached hereto as Exhibit "B."

16. Credit Acceptance reserves the right to supplement this notice of removal by adding any jurisdictional defenses which may independently support a basis for removal.

**WHEREFORE, PREMISES CONSIDERED,** Credit Acceptance prays that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Jefferson County Circuit Court, Kentucky, to the United States District Court for the Western District of Kentucky, Louisville Division.

Respectfully submitted this 9th day of June, 2025.

*/s/ Reid S. Manley*
Reid S. Manley
Kentucky Bar No. 90360
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
rmanley@burr.com
Attorney for Defendant
CREDIT ACCEPTANCE CORPORATION

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 9th day of June, 2025:

James H. Lawson
*Lawson at Law, PLLC*
P.O. Box 1286
Shelbyville, KY 40066
Tel: (502) 473-6525
Fax: (502) 473-6561
james@lawsonawlaw.com

*Attorney for Plaintiff*

                                        */s/ Reid S. Manley*
                                        OF COUNSEL